# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

DANA D. MOHAMMADI,

       Plaintiff - Appellee

v.

AUGUSTINE NWABUISI; ROSE NWABUISI; RESOURCE HEALTH
SERVICES, INCORPORATED, doing business as Resource Home Health
Services, Incorporated; RESOURCE CARE CORPORATION,

       Defendants - Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-42

Before JONES, WIENER, and CLEMENT, Circuit Judges.

WIENER, Circuit Judge.*

The instant action is grounded in claims by Plaintiff-Appellee Dana D. Mohammadi ("Appellee") for overtime pay under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*  It is before this court for the second time:  Appellee prevailed in her first appeal before a different panel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of this court which held for her but remanded her case for the district court to determine whether Defendants-Appellants were "willful" in failing to pay Appellee overtime pursuant to the FSLA and therefore subject to a limitation period of three years rather than two.

On remand, the district court considered exhibits and heard testimony on the question of willfulness, principal among which was the testimony of Defendant-Appellant Rose Nwabuisi, which the court found largely inconsistent, incredible, and in essence supportive of a conclusion of willfulness. It ruled that Appellee was entitled to liquidated damages for willful failure to pay overtime, in addition to unpaid wages and reasonable attorneys fees and costs.

The district court also denied post-judgment sanctions and a new trial that Defendants-Appellants sought, and ultimately granted Appellee an additional sum of $59,237.50 as reasonable attorneys fees, over and above the $113,174.25 in such fees previously awarded, for a total of $172,411.75. This appeal followed.

We have diligently reviewed the record on appeal, including the briefs of the parties and the detailed analyses by the district court in its Memorandum Opinion and Order and its subsequent Orders. As a result of our review and consideration of applicable law and the factual determinations of the district court on remand, we are satisfied that all of its orders are not only free of error but are correct and complete. We are likewise convinced that further rehashing of the facts and applicable law of this case on appeal from remand would be a waste of judicial resources and a prolongation of inevitable results. Consequently, for the reasons set forth in detail by the district court, as fully supported by the law cited, the rulings of that court on remand are, in all respects,

AFFIRMED.